UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Holland Koon, #227826, ) | C/A No. 7:19-1463-DCN-TER |
| a/k/a Robert Koon, ) | |
| a/k/a Robert H. Koon, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | ORDER |
| ) | |
| On Point Investigations, ) | |
| Morgan Doug Harvey, ) | |
| Bill Blanton, ) | |
| Gaffney City Police Department, ) | |
| Gaffney Masonic Lodge, ) | |
| Cherokee County Sheriff's Department, ) | |
| ) | |
| Defendants. ) | |

Gaffney Masonic Lodge ("Defendant") attempted to appear in this case without legal counsel, i.e. *pro se*, through the personal signature of a member Nelson D. Horton on the Answer filed October 22, 2019. (ECF No. 42).

Gaffney Masonic Lodge appears to be a fraternal association with multiple members, and it cannot be represented in this Court by a *pro se* individual, such as Mr. Horton. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . [T]he rationale for that rule applies equally to all artificial entities." (citations omitted)). "Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202. Lack of resources does not excuse an association party's failure to have licensed counsel appear on its behalf, and there is no authority, nor any source of funding, to allow this Court to appoint counsel for such in a civil matter. *See WB Music Corp. v. Port City Cruise Line, Inc.*, No. 1:09-cv-742, 2009 WL 3066663 (W.D. Mi. Sept. 22, 2009).

**Gaffney Masonic Lodge is given thirty (30) days from the date of this order, in which to retain counsel in this case and file a Notice of Appearance or other pleading** in accordance with the Federal Rules of Civil Procedure. The Fourth Circuit Court of Appeals has affirmed a district court's decision to "reject" a pro se corporate defendant's Answer and instead enter default judgment against that party. *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d. 887 (table) 1998 WL 112719, *1 (4th Cir.1998). A pleading signed in the corporate name by one of its agents or officials is a nullity, and must be disregarded. *See Magnolias Nursing & Convalescent Center v. Dept. of Health & Rehab.*

*Servs.*, 428 So.2d 256, 257 (Fla. 1st DCA 1982).

If Defendant Gaffney Masonic Lodge fails to retain counsel within the time period as ordered by the Court, it will be recommended that the Answer be stricken and default be entered against Gaffney Masonic Lodge.

IT IS SO ORDERED.

October 25, 2019
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge